ZENITH DATA SYSTEMS v DEPARTMENT OF TREASURY

Docket No. 175522. Submitted May 15, 1996, at Lansing. Decided September 17, 1996, at 9:15 A.M.

Zenith Data Systems and Heath Company, Inc., petitioned the Tax Tribunal to modify assessments against them by the Department of Treasury with regard to their liability for taxes under the Single Business Tax Act, MCL 208.1 *et seq.*; MSA 7.558(1) *et seq.* The tribunal ordered that the assessments be modified, ruling that payments the petitioners received from consumers of computer software that the petitioners modified and then distributed pursuant to licensing agreements were royalties that could be deducted from the petitioners' single business tax base. The respondent appealed.

The Court of Appeals *held*:

1. The Single Business Tax Act provides that the party who pays the royalties must include those payments in its tax base because they are not income, but the party who receives royalty payments receives income and is allowed to deduct those payments from its SBTA tax base. MCL 208.9(7)(c); MSA 7.558(9)(7)(c) allows the petitioners to deduct from their SBTA tax base all royalties, to the extent that the royalties were included in the petitioners' federal taxable income, except those specifically excluded in MCL 208.9(7)(c)(i)-(v); MSA 7.558(9)(7)(i)-(v), none of which are at issue in this case. The petitioners have included the payments received that are in question as taxable income in their federal income tax returns for the years involved in this case.

2. Although the petitioners do not have sole proprietorship of the software or a proprietary interest in the entire computer software package, they do have a proprietary interest in the modifications they make to the software. The nature of the transaction is one of a licensing agreement producing royalties.

3. Federal income tax law may be looked at to define "royalties," because the word is not defined in MCL 208.9; MSA 7.558(9). Both Michigan case law and federal income tax law support the conclusion that the payments received by the petitioners for the license of their computer software are royalties.

Affirmed.

1. TAXATION — SINGLE BUSINESS TAX ACT — TAX BASE — ROYALTIES.

The Single Business Tax Act allows a business to deduct from its tax base all royalties, to the extent that the royalties were included in the business' federal taxable income, except those royalties specifically excluded by the act; the party who pays the royalties must include those payments in its tax base because they are not income, but the party who receives royalty payments receives income and is allowed to deduct those payments from its Single Business Tax Act tax base (MCL 208.9[7][c][i]-[v]; MSA 7.558[9][7] [c][i]-[v]).

2. TAXATION — SINGLE BUSINESS TAX ACT — TAX BASE — ROYALTIES.

Payments that a business receives from the final end user of computer software that the business modifies and then distributes pursuant to licensing agreements may be considered to be royalties for purposes of determining the business' Single Business Tax Act tax base, even though the business does not have a proprietary interest in the entire computer software but just the portion it modifies (MCL 208.9[7][c][i]-[v]; MSA 7.558[9][7][c][i]-[v]).

3. TAXATION — SINGLE BUSINESS TAX ACT — WORDS AND PHRASES — "ROYALTIES."

Federal income tax law may be used to define the word "royalties" in MCL 208.9; MSA 7.558(9) because the word is not defined in the statute (MCL 208.2[2]; MSA 7.558[2][2]).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Peter S. Sheldon* and *Jeffery V. Stuckey*), and *McDermott, Will & Emery* (by *Richard A. Hanson*), for the petitioners.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Russell E. Prins* and *Kevin T. Smith*, Assistant Attorneys General, for the respondent.

Before: HOEKSTRA, P.J., and MICHAEL J. KELLY and J. M. GRAVES, Jr.,* JJ.

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Respondent appeals as of right from a judgment of the Michigan Tax Tribunal modifying respondent's single business tax assessments against petitioners for the tax years 1984-87. The tribunal ruled that payments petitioners received from consumers for computer software that petitioners modified and then distributed pursuant to licensing agreements were royalties that could be deducted from petitioners' single business tax base. We affirm.

Petitioner Zenith Data Systems (ZDS) distributes personal computers, computer components, computer accessories, and computer software to governmental agencies, businesses, and individuals for their own use and to dealers for distribution to others. Petitioner Heath Company, Inc., an affiliate of ZDS, manufactures personal computers, computer components, and computer accessories. It also distributes these items and computer software to businesses and individuals for their own use. ZDS and Heath acquire their computer software from copyright owners who created or acquired substantial rights in the software such as the right to exploit trademarks and copyrights. Petitioners then modify and adapt the acquired software for customers, referred to by the parties as "end users," and copyright the modified software. Petitioners then enter into licensing agreements with the end users for use of the modified software. Petitioners also contract with distributors who distribute the computer software to the end users.

Petitioners paid taxes for the years in question pursuant to the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*; MSA 7.558(1) *et seq.* Petitioners included in their single business tax base the payments they made to the copyright owners for the rights they

acquired in the computer software. However, petitioners deducted from their single business tax base the payments they received pursuant to the licensing agreements because they considered these to be royalty payments. Respondent assessed petitioners for tax deficiencies, claiming that the payments made by end users were not royalty payments. Petitioners then petitioned the Tax Tribunal to modify these assessments with respect to the deductions petitioners had claimed for royalty payments received in the tax years 1984-87. The Tax Tribunal ruled that the payments received from end users pursuant to licensing agreements for computer software were royalties for SBTA purposes.

MCL 208.9(7)(c); MSA 7.558(9)(7)(c) allows petitioners to deduct from their SBTA tax base all royalties, to the extent that the royalties were included in petitioners' federal taxable income, except those that are specifically excluded by MCL 208.9(7)(c)(i)-(v); MSA 7.558(9)(7)(c)(i)-(v), which are not at issue in this case. In other words, under the SBTA, the party who pays the royalties must include those payments in its tax base because they are not income, but the party who receives royalty payments receives income and is allowed to deduct those payments from its SBTA tax base. *Field Enterprises v Dep't of Treasury*, 184 Mich App 151, 154; 457 NW2d 113 (1990). Petitioners have included the payments received that are in question as taxable income in their federal income tax returns for the years in question.

Respondent argues that the payments made to petitioners pursuant to their licensing agreements should not have been considered to be royalties because petitioners do not have a proprietary interest in the

software since the software is copyrighted by others. Although petitioners do not have sole proprietorship of the software, they do have a proprietary interest in the modifications made to the software. Respondent relies on *Mobil Oil Corp v Dep't of Treasury*, 422 Mich 473; 373 NW2d 730 (1985), for the proposition that in order for the payment to be considered a royalty payment, it must be made to a copyright owner. In *Mobil Oil Corp*, the Court held that the term royalty included oil and gas royalties paid for the use of property. *Id.* at 485. The Court relied on two dictionary definitions of the term royalty in reaching this conclusion. The first definition states:

> [A] compensation or portion of the proceeds *paid* to the owner of a right, as a patent or oil or mineral right, for the use of it . . . an agreed portion of the income from a work paid to its author, composer, etc., usually a percentage of the retail price of each copy sold . . . a royal right, as over minerals, granted by a sovereign to a person or corporation . . . the *payment* made for such a right. [*The Random House College Dictionary* (rev ed), p 1150. Emphasis added.] [*Mobil Oil Corp, supra* at 484.]

In commenting on this definition, the Court noted that it "includes mineral and oil 'royalties' with the 'royalties' paid for patents and copyrights and refers to them as a 'payment.'" *Id.* The second definition recited by the Court is the following:

> Compensation for the use of property, usually copyrighted material or natural resources, expressed as a percentage of receipts from using the property or as an account per unit produced. A payment which is made to an author or composer by an assignee, licensee or copyright holder in respect of each copy of his work which is sold, or to an inventor in respect of each article sold under the patent. Royalty is share of product or profit reserved by owner

> for permitting another to use the property . . . . In mining
> and oil operations, a share of the product or profit *paid* to
> the owner of the property. [Black's Law Dictionary (5th ed),
> p 1195. Emphasis added.] [*Mobil Oil Corp, supra* at 484.]

These definitions were used in the context of determining whether oil and gas royalties constitute "royalties" for SBTA purposes. They were not used as an all-encompassing definition of royalties for SBTA purposes. Moreover, in *Field Enterprises, supra* at 157-159, this Court held that payments made pursuant to a limited television exhibition license for television show videotapes constituted royalty payments. The Court relied on the definitions found in *Mobil Oil Corp* and the definition of royalty used in *Detroit Lions, Inc v Dep't of Treasury*, 157 Mich App 207, 218; 403 NW2d 812 (1986):

> [W]hile royalties are more commonly thought of as payment for the use of another's patent or copyright (or in connection with oil and gas leases), the existence of a copyright or patent is not crucial. Rather, the nature of a transaction . . . may justify the conclusion that a royalty is involved even in the absence of a copyright. [Citations omitted.]

At issue in *Detroit Lions, Inc*, were payments made by television networks to the National Football League, of which the Detroit Lions was a franchisee. *Id.* at 211-212. During the 1976-77 tax year, the plaintiff did not have copyrights in the live broadcasts of their football games. *Id.* at 216. Nevertheless, the Court held that payments made by the networks to the plaintiff during that year were royalties for SBTA purposes because the agreement between the plaintiff and the networks resembled a licensing transaction that produced royalties, in that ownership of the sub-

ject matter was not transferred in the agreement and the plaintiff retained numerous rights and privileges with respect to the game broadcasts. *Id.* at 217-219.

In this case, petitioners' licensing agreements specifically provide that petitioners retain certain rights in connection with the software. End user licensees are only allowed to use the software on one computer and are not allowed to copy and distribute the material. In addition, the licensing agreement states:

> IMPORTANT This SOFTWARE is a proprietary product and is protected by copyright laws. It is licensed (not sold) for use on a single machine, and is licensed only on the condition that you agree to the terms of this END USER LICENSE AGREEMENT.

Thus, although petitioners do not have a proprietary interest in the entire computer software package, the nature of the transaction is one of a licensing agreement producing royalties. Moreover, the end users are paying petitioners for that portion of the product in which petitioners have a proprietary interest. Otherwise, the end users would only purchase the right to use the unchanged product created by the copyright owner.

Additionally, because the word "royalties" is not statutorily defined within MCL 208.9; MSA 7.558(9), federal income tax law must be looked at to define royalties. MCL 208.2(2); MSA 7.558(2)(2). Although there is no direct comparable context to the SBTA in federal income tax law, the definition of royalties is addressed by § 543 of the Internal Revenue Code, 26 USC 543, which allows personal holding companies to deduct royalties. A personal holding company may deduct from its income monies that were received in

connection with the licensing of computer software by a corporation engaged in the active conduct of the trade or business of developing, manufacturing, or producing computer software that developed, manufactured, or produced the computer software. IRC § 543(d), 26 USC 543(d). Because petitioners are engaged in the business of developing computers and computer software, their agreements with third parties for the licensing of their computer software falls within the IRC's definition of royalties as defined for personal holding companies. Therefore, both Michigan case law and federal income tax law support the conclusion that payments received by petitioners for the license of their computer software are royalties.

Affirmed.